UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JAMES CARL METCALF,

    Plaintiff,

    v.

JAMES KEY, Superintendent AHCC, PATRICK PETERSON, Medical Provider – P.A., and DON MCINTYRE, Health Service Manager,

    Defendants.

NO. 4:18-cv-00302-SAB

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion of Summary Judgment, ECF No. 30, and Defendants' Motion for Summary Judgment, ECF No. 31. The motions were considered without oral arguments. Plaintiff is proceeding *pro se* and Defendants are represented by Michelle Hansen from the Washington State Attorney General's Office. Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him access to medical care for chronic back pain. Having considered the motions, the responses and replies, and the relevant case law, the Court **denies** Plaintiff's Motion for Summary Judgment and **grants** Defendant's Motion for Summary Judgment.

//
//

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT * 1**

## Material Facts Not in Dispute

Plaintiff is currently incarcerated at Airway Heights Correctional Center (AHCC). During his time at AHCC, Plaintiff has been seen repeatedly by prison medical officials for chronic low back pain related to an injury he suffered as a teenager prior to his incarceration. ECF No. 9 at 7; ECF No. 39 at ¶ 8. On October 15, 2017, Plaintiff alleges that he woke up with extreme back pain and signed up for an urgent care appointment for October 19th. ECF No. 9 at 5. Defendant Peterson—a physician's assistant with the AHCC urgent care clinic—was on call on October 19, 2017; he walked Plaintiff from the waiting room back to the examination room, observing Plaintiff's gait to assess for any problems. ECF No. 9 at 5; ECF No. 39 at ¶ 8. In addition, Defendant Peterson reviewed his medical records from previous encounters with Plaintiff. ECF No. 39 at ¶ 8. Defendant Peterson concluded that Plaintiff's condition was not so severe that he required an urgent care visit, as Plaintiff's pain was considered a chronic condition. *Id.* Defendant Peterson then told Plaintiff that he could not circumvent his primary care physician by making an urgent care appointment and instructed him to schedule an appointment with his primary care provider to follow up on his chronic pain. *Id.* Defendant Peterson then escorted Mr. Metcalf back to the waiting room and ended the appointment. *Id.* Later this same day, Plaintiff was examined by Tracy Porter, RN, who noted that Plaintiff reported chronic low back pain, but was not in a state of medical emergency. ECF No. 31 at 4. On October 21, Plaintiff was also seen by Chenelle Patrick, RN, who also noted that Plaintiff reported chronic low back pain but was not in a state of medical emergency. ECF No. 38.

Shortly after his appointment with Defendant Peterson, Plaintiff sent a kite declaring a medical emergency; Defendant Peterson cancelled the kite on grounds that Plaintiff had already been seen that day. ECF No. 39 at ¶ 9. Plaintiff also filed an emergency medical grievance complaint, wherein he asserted that he wanted "medical to do their job." ECF No. 9 at 5; ECF No. 39 at ¶ 10. AHCC Custody

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT \* 2**

Unit Supervisor Paul Duenich reviewed the complaint and, after consultation with Defendant Peterson, determined that it did not meet the criteria for an emergent medical complaint and directed the complaint to proceed through normal channels. ECF No. 34 at ¶ 3; ECF No. 46 at ¶ 2. Defendant McIntyre—Health Services Manager 2 at AHCC—reviewed the denial of Plaintiff's initial grievance and concluded that the grievance was baseless. ECF No. 35. Defendants Key—Superintendent of AHCC—reviewed the emergency grievance and appeals of the initial grievance and concluded that the complaint was not emergent in nature. ECF No. 34. Following these grievances, Plaintiff did not seek medical attention again until November 27, 2017, when he saw his primary care provider Ruth Oman, RN. ECF No. 46 at ¶ 3.

## Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). An issue of material fact is genuine if there is sufficient evidence of a reasonable jury to return a verdict for the non-moving party. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). If the moving party meets its initial burden, the non-moving party must then go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The parties must support assertions by citing to particular parts of the record or show that the materials cited do not establish the absence or presence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c). However, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT \* 3**

inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *see also Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. When parties file simultaneous cross-motions for summary judgment, the court reviews each motion and the appropriate evidentiary material identified in support of the motion separately, giving the nonmoving party for each motion the benefit of all reasonable inferences. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017).

### Eighth Amendment Standard

The Eighth Amendment guarantees that an incarcerated person be free from cruel and unusual punishment during their term of confinement. This protection extends to guarantee prisoners' right to adequate medical treatment while incarcerated. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). This right is violated when a prison official acts with deliberate indifference to the serious medical needs of a prisoner. *Id.* A prisoner has a serious medical need if he has "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT * 4**

In order to state an Eighth Amendment claim under 42 U.S.C. § 1983, a prisoner must satisfy a two-part test. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). First, the prisoner must demonstrate that the prison official objectively deprived him of the "minimal civilized measure of life necessities." *Id.* This element is satisfied if the prisoner shows the risk posed by the deprivation is obvious. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Second, the prisoner must show that the prisoner official acted with deliberate indifference in depriving the prisoner of medical attention. *Id.* A prison official acts with deliberate indifference if the official knows of and disregards an excessive risk to inmate health and safety. *Id.* A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order to establish deliberate indifference. *McGuckin*, 974 F.2d at 1060. In addition, the inmate must show that the prison official had no reasonable justification for their actions in light of the risk posed to the inmate. *Thomas*, 611 F.3d at 1150; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (finding deliberate indifference where a prison doctor failed to ensure that plaintiff prisoner received necessary orthopedic care for a broken thumb, causing the fracture to not heal properly).

Regardless of the basis for an Eighth Amendment claim, "vague and conclusory allegations of official participation in civil rights violates are not sufficient to withstand" a motion for summary judgment for failure to state a cognizable claim. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see, e.g.*, *Evans v. Skolnik*, 673 F. App'x 285, 288 (9th Cir. 2015) (*citing Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)) ("an allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983.").

### Qualified Immunity Standard

Qualified immunity protects government officials sued in their individual capacities from liability in § 1983 suits. *Plumhoff v. Richard*, 572 U.S. 765, 778

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT \* 5**

(2014). Prison officials involved in the day-to-day operations of a prison are entitled to especially generous consideration in the determination of whether qualified immunity applies. *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (*citing Bell v. Wolfish*, 441 U.S. 520, 531 (1979)). In order to defeat a claim of qualified immunity raised by a prison official, a prisoner must show that a constitutional right would have been violated on the facts alleged. *Plumhoff*, 572 U.S. at 774 (*citing Saucier v. Katz*, 533 U.S. 194, 200 (2001), *reversed in part by Pearson v. Callahan*, 555 U.S. 223 (2009)). Second, the court must determine whether the right at issue was clearly established at the time of alleged violation. *Id.*; *see also Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993). An official has not violated a clearly established right unless the right was sufficiently definite that any reasonable official in the official's shoes would have understood that he was violating that right. *Plumhoff*, 572 U.S. at 778-79. Although there does not need to be a case directly on point to meet this standard, precedent must have placed the question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). That being said, the inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, --- U.S. ----, 136 S. Ct. 305, 308 (2015) (internal citations and quotation marks omitted).

### Discussion

For the reasons discussed below, the Court denies Plaintiff's Motion for Summary Judgment, ECF No. 30, and grants Defendants' Motion for Summary Judgment, ECF No. 31. Plaintiff's motion fails because he fails to demonstrate that he is entitled to judgment as a matter of law on his Eighth Amendment claims. Defendant's motion succeeds because they showed there was no genuine dispute as to material fact and are entitled to judgment as a matter of law because Plaintiff failed to state a claim under the Eighth Amendment. Defendants' motion also succeeds because all three Defendants are entitled to qualified immunity.

//

1. <u>Plaintiff's Motion for Summary Judgment</u>

In his motion, Plaintiff generally alleges that Defendant Peterson violated his Eighth Amendment right to medical care when Peterson did not conduct a physical examination of him during his visit of AHCC's urgent care clinic on October 19, 2017. ECF No. 9 at 5-7. Plaintiff also alleges that his rights were further violated when Defendant Peterson cancelled a medical emergency kite filed by Plaintiff on the grounds that he had already been seen that day and was not having a medical emergency. *Id.* Finally, Plaintiff alleges that his rights were violated by Defendants Key and McIntyre when they failed to investigate and overturn the denial of his emergency grievances and appeals. *Id.*

In response to Plaintiff's motion, Defendants present significant evidence in the form of affidavits that Plaintiff did in fact receive medical care for his back pain between October 19 and 21, 2017. *See* ECF Nos. 34, 35, 36, 37, 38, 39, 40, 41, and 42. Indeed, based on this evidence, Plaintiff was seen by different medical professionals during this time, all of whom noted in their visit summaries that Plaintiff had a history of chronic back pain and complained of back pain during these visits, but was not in a state of medical emergency. ECF Nos. 38, 39. Plaintiff does not contest these facts; rather, Plaintiff focuses on the fact that he was not given a physical examination by Defendant Peterson at the initial urgent care appointment on October 19 and that he was not given an emergency medical appointment after he complained about his first appointment.

Plaintiff's complaint seems to be that he was not given a physical examination by Defendant Peterson, and that this failure to be physically examined is what constitutes denial of access to medical care. ECF No. 47 at 4, 6. In addition, with regards to Defendant Peterson's assertion that he examined Plaintiff's gait in the walk to his office, Plaintiff disputes the length of the walk and whether Defendant Peterson could have assessed his gait as "normal" given previous injuries that he says give him a limp. Furthermore, Defendant disputes

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT \* 7**

that the condition for which he sought medical treatment on October 15, 19, and 21 was "chronic" in nature; however, in all of his interactions with AHCC medical staff, Plaintiff's medical records and kites describe his lower back pain as chronic. ECF No. 47 at 4, 10. Although Plaintiff disputes some of the facts introduced by Defendants, the facts are not material to the Court's consideration of the merits of this matter.

Having determined that there are no genuine disputes as to material fact, the Court now turns to the question of whether Plaintiff is entitled to judgment as a matter of law. As stated above, in order to succeed on an Eighth Amendment claim, Plaintiff must demonstrate that he was (1) objectively deprived of "civilized life's necessities" and (2) that this deprivation was done with deliberate indifference to a serious medical need. *Thomas*, 611 F.3d at 1150.

Although Plaintiff's chronic back pain likely qualifies as a serious medical need for purposes of the Eighth Amendment, *see McGuckin*, 974 F.2d at 1059-60, Plaintiff fails to show that he was objectively deprived of a life necessity and that Defendants deprived Plaintiff of those necessities with deliberate indifference. Plaintiff asserts that he was wholly deprived of medical care and that his claims are not based on a disagreement with Defendant Peterson about the chosen course of treatment. *See* ECF No. 47 at 6. However, Plaintiff fails to rebut Defendants' evidence and assertions that he was, in fact, provided medical care on October 19, 2017. Plaintiff introduces no evidence that the exams conducted by Defendant Peterson were insufficient beyond baseless assertions that the exams were in fact unacceptable. In addition, Plaintiff fails to dispute that he was given medical care and a physical exam by Registered Nurse Porter on October 19 and by Registered Nurse Patrick on October 21 or that he did not seek further medical care until his appointment with is primary care provider Ruth Oman. ECF No. 46 at ¶ 3.

Based on the above, the Court concludes Plaintiff has failed to show that he was objectively deprived of medical care and that Defendants deprived him of

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT \* 8**

medical care and were deliberately indifferent to his chronic back pain. Accordingly, Plaintiff is not entitled to summary judgment in his favor and his Motion, ECF No. 30, is denied.

2. Defendant's Motion for Summary Judgment

Defendants argue that they are entitled to summary judgment in their favor for two reasons. First, Defendants argue that they are entitled to summary judgment because Plaintiff has failed to state a claim upon which relief can be granted. Second, Defendants argue that they are entitled to qualified immunity and cannot be held liable for any alleged harms suffered by Plaintiff.

Based on the motions and applicable case law, the Court concludes that Defendants are entitled to summary judgment on both grounds. Defendants have demonstrated that there is no genuine dispute as to material fact and that they are entitled to judgment as a matter of law on either of the theories they present in their motions. Accordingly, the Court grants Defendants' Motion for Summary Judgment, ECF No. 31.

Defendants are entitled to judgment as a matter of law because Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted. As to Defendant Peterson, summary judgment is warranted because Plaintiff has failed to state a claim that Defendant Peterson denied him access to medical care. It is not disputed that Plaintiff had an urgent care appointment with Defendant Peterson on October 19, 2017. The fact that Plaintiff was unsatisfied with the way Defendant Peterson conducted the appointment and his chosen course of treatment is not—without more—evidence that Defendant Peterson violated Plaintiff's Eighth Amendment right to medical care. Plaintiff is not entitled to "jump the line" to see a medical provider because of a health problem that did not amount to a medical emergency. *See, e.g.*, *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (holding that prison officials may be skeptical of prisoner complaints, as prisoners may exaggerate their symptoms in order to accelerate access to care). Absent

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT \* 9**

evidence that the manner in which Defendant Peterson conducted the urgent care appointment with Plaintiff was objectively unreasonable, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

Furthermore, Defendant Peterson is entitled to qualified immunity and is therefore not liable to Plaintiff. Plaintiff has failed to show that he had a constitutional right to have a medical appointment conducted in a certain way or that the way his appointment was conducted amounts to a constitutional violation. Plaintiff has also failed to show that a reasonable prison official in Defendant Peterson's shoes would have known that it would be unconstitutional to conduct a medical appointment in that way. Plaintiff cites only to caselaw that generally establishes the right to medical care in prison but does not and cannot point to caselaw square on this point. *See Mullenix*, 136 S. Ct. at 308. Accordingly, Defendant Peterson is entitled to qualified immunity.

As to Plaintiff's claims against Defendants McIntyre and Key, Defendants are entitled to summary judgment because these Defendants are entitled to qualified immunity. Plaintiff alleges only that Defendants McIntyre and Key violated his constitutional rights in the way they handled his emergency grievances. A prison officials' denial of a grievance does not in itself violate the Constitution. *Ramirez*, 334 F.3d at 860. Defendants' decision to deny Plaintiff's grievance and to route it through routine—rather than emergency—review is not a constitutional violation. Accordingly, Defendants are entitled to qualified immunity and summary judgment is granted in their favor.

//
//
//
//
//
//

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT** * 10

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 30, is **DENIED**.

2. Defendants' Motion for Summary Judgment, ECF No. 31, is **GRANTED**.

3. The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiff.

**IT IS SO ORDERED.** The District Court clerk is hereby directed to enter this Order, to provide copies to counsel and to Plaintiff, and to **close** the file.

**DATED** this 9th day of December 2019.



Stanley A. Bastian
United States District Judge

**ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT * 11**